IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

COMMERCIAL CAPITAL COMPANY, LLC;
COREFIRST BANK & TRUST; and
OAKSTAR BANK,

          Plaintiffs,

v.                                                Case No.  24-2365-JWB

AMERICAN TOW & RECOVERY, INC. and
BRYAN A. HERRON,

          Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiffs' motion for default judgment, (Doc. 44), Plaintiffs' motion to strike Defendants' answer, counterclaim, and affirmative defenses, (Doc. 51), and Defendants' motion for leave to file an answer and counterclaim and set aside the clerk's entry of default. (Doc. 52.) To ensure this case continues to move forward, the court determined that it was in the interest of justice to consider these three pending motions on its own accord. As discussed more fully below, Plaintiffs' motion for default judgment is moot, Plaintiffs' motion to strike is denied, and Defendants' motion for leave to file an answer and counterclaim and set aside the entry of default is granted.

I.   **Facts**

The record indicates that Defendants American Tow & Recovery, Inc. and Bryan Herron removed this case to federal court on August 16, 2024. (Doc. 1.) Defendants' attorney made his entry of appearance four days after removal. (Doc. 3.) Based on the court filings, Defendants timely filed their answer and participated in the case proceedings until the end of 2024. In late

1

December, however, Defendants' counsel filed a motion to withdraw, (Doc. 25), which Magistrate Judge Birzer granted. (D.E. 27.) Defendants were then proceeding without counsel and they struggled to consistently participate in the case. Defendant Herron had difficulty responding to discovery requests, (D.E. 36), and the magistrate judge informed Defendants that American Tow & Recovery could not proceed pro se in federal court. (*Id.*) Defendants tried to participate, with Defendant Herron attending mediation in March, (Doc. 52 at 3), but it became too much, and without counsel, Defendants failed to appear for a status conference on February 2, 2025, and did not timely file an answer to Plaintiffs' amended complaint. (Doc. 39.) As a result, Plaintiffs applied for a clerk's entry of default, (Doc. 40), which was granted, (Doc. 41), and filed a motion for default judgment. (Doc. 44.) Fourteen days later, Defendants filed a motion requesting a 30-day extension to respond to Plaintiff's motion for default judgment and secure legal representation. (Doc. 45.) The court granted this extension. (D.E. 46.) On May 12, 2025, Defendants secured legal counsel. (Docs. 47, 48.) On the same day, Defendants filed their answer to Plaintiff's amended complaint. (Doc. 49.) The answer also contained their amended counterclaim. (*Id.*) Plaintiffs then filed a motion to strike Defendants' answer, counterclaim, and affirmative defenses, because it was untimely. (Doc. 51 at 3.) Plaintiffs argued that Defendants were granted a 30-day extension to respond to Plaintiffs' motion for default judgment, not to file an answer to the amended complaint. (*See id.*) In response, Defendants filed a motion to set aside the clerk's entry of default and sought leave to file their answer and counterclaim. (Doc. 52.)

II.     **Analysis**

   A.  **Clerk's Entry of Default**

The Federal Rules of Civil Procedure authorizes a court to set aside a clerk's entry of default for good cause. Fed. R. Civ. P. 55(c). The three principle factors a court considers when

analyzing a party's request to vacate a clerk's entry of default are the following: "(1) whether the defendants' culpable conduct led to the default; (2) whether the plaintiffs will be prejudiced by setting aside the entry of default; and (3) whether the defendants have a meritorious defense." *Gray v. Knight Sec. & Patrol, Inc.*, No. 16-CV-03086-PAB-KLM, 2017 WL 11569537, at *2 (D. Colo. May 26, 2017) (citing *Hunt v. Ford Motor Co.*, 65 F.3d 178 (10th Cir. 1995)). Here, all three factors support setting aside the clerk's entry of default.

As to the first factor, Defendants were engaged in the litigation until they lost legal representation. They removed the case to federal court on August 16, 2024. (Doc. 1.) Based on the record, Defendants' attorney made an entry of appearance four days after the case was removed to federal court. (Doc. 5.) Defendants also timely filed an answer. (*See* Docs. 10, 11.) It appears Defendants even participated in the scheduling conference held on December 19, 2024. (D.E. 21.) However, as discussed in the facts, Defendants' counsel withdrew, and they had difficulty meeting deadlines and responding to discovery requests.

Nonetheless, fourteen days after Plaintiffs filed their motion for default judgment, Defendants filed a motion requesting a 30-day extension to respond to the default judgment motion and secure legal representation. (Doc. 45.) It is clear from the record that after Defendants lost legal representation, their participation in the proceedings diminished. It is also clear, though, that Defendants were attempting to participate despite losing legal counsel. Defendant Herron participated in the mediation, and Defendants informed the court that they were trying to secure legal counsel. Therefore, the court finds Defendants' periodical absence once they lost legal representation excusable, and that they are not culpable for the clerk's entry of default.

Second, setting aside the default entry will not prejudice Plaintiffs. Plaintiff filed an amended complaint in late February. By setting aside the default entry and permitting the case to

move forward, Plaintiffs will experience a three-month delay. A court of this district concluded that a four-month delay was not unduly prejudicial to a plaintiff. *See Cochran v. Shri Ambaji Corp.*, No. 14-2491-EFM-KMH, 2015 WL 2114025, at *3 (D. Kan. May 6, 2015). Moreover, for a delay to be prejudicial, Plaintiffs would need "to show that any delay has actually hindered [their] ability to litigate the case." *Perez v. Dhanani*, No. 13-1020-RDR, 2015 WL 437769, at *4 (D. Kan. Feb. 3, 2015). That would be difficult for Plaintiffs to show here. After all, Defendants filed an answer to Plaintiffs' amended complaint within the 30-day extension period. The record also indicates that Plaintiffs' actions have prolonged the case. For example, the case would now be moving forward if Plaintiffs had not sought default judgment. Thus, the court finds that Plaintiffs will not be prejudiced if the clerk's entry of default is set aside.

Lastly, Defendants asserted meritorious defenses to Plaintiffs' claims, including unclean hands, waiver, estoppel, and justification. They also asserted a counterclaim with multiple causes of action. After reviewing Defendants' answer to Plaintiff's amended complaint, it finds that Defendants have raised cognizable defenses. After all, a court need not determine whether the party seeking to set aside a default entry will prevail on its defenses, just whether they are meritorious. *See Crutcher v. Coleman*, 205 F.R.D. 581, 585 (D. Kan. 2001).

Therefore, the clerk's entry of default is set aside.

**B.     Motion for Leave to File Answer and Counterclaims**

Defendants also request an extension to file an answer to Plaintiffs' amended complaint.[1] (Doc. 52.) Under Fed. R. Civ. P. 6(b)(1)(B), a party may move for the court to extend the deadline

---

[1] As already discussed, Defendants filed their answer to Plaintiffs' amended complaint within the 30-day extension period that the court granted in April. (*See* Docs. 45, 49.) However, per the court's order at D.E. 43, the 30-day extension extended Defendants' deadline to respond to the default judgment motion. By its language, the order did not extend Defendants' deadline to file an answer to Plaintiffs' amended complaint. Thus, that is why Defendants are now moving for leave to file an answer to Plaintiffs' amended complaint despite already filing one on May 12, 2025.

4

to file an answer "because of excusable neglect." *Id.* A court determines whether neglect is excusable by analyzing the relevant circumstances that caused the delay, which include the following: "(1) the danger of prejudice to the other party or parties, (2) the length of the delay and its potential impact on the case, (3) the reason for the delay, including whether it was within the reasonable control of the party seeking relief, and (4) whether the movant acted in good faith." *Crutcher v. Coleman*, 205 F.R.D. 581, 586 (D. Kan. 2001) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

The court has already addressed the first two factors. The delay is only three months, and Plaintiffs will not be prejudiced by a three-month delay. Moreover, Defendants have acted in good faith after losing legal counsel. To reiterate, they tried to participate in the legal proceedings, attended mediation despite losing legal representation, and requested a thirty-day extension to file a motion to set aside the clerk's entry of default—wherein they informed the court that they were working to secure new legal representation. (Doc. 45 at 1.) Thus, factors one, two, and four favor Defendants.

However, the reason for the delay was in the reasonable control of Defendants. The court has reviewed Defendants' counsel's motion to withdraw and the attached exhibit, (Doc. 25), as well as the affidavit in support of the withdrawal motion. (Doc. 26.) Defendants' legal counsel withdrew because Defendants repeatedly failed to pay their legal fees. (Doc. 25 at 3.) Thus, Defendants' reason for the delay appears to have been within their control, so factor three cuts against Defendants.

Nonetheless, because the court concluded that factors one, two, and four favor Defendants, at this time, the court finds good cause to extend the time Defendants may file an answer to Plaintiffs' amended complaint because the delay was caused by excusable neglect.

### C. Plaintiffs' Motion for Default Judgement and Motion to Strike Defendants' Answer, Affirmative Defenses, and Counterclaims

There is a two-step process to secure a default judgment. A party must first file a motion for entry of default with the clerk of court. *See* Fed. R. Civ. P. 55(a). Only after the clerk of court issues an entry of default may a plaintiff file a motion for default judgment against a party that has failed to plead or otherwise defend an action brought against it. Fed. R. Civ. P. 55(b)(2); *see also Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1119 n.4 (10th Cir. 2003) (distinguishing the Rule 55(a) entry of default from the Rule 55(b) grant of default judgment; *Watkins v. Donnelly*, 551 F. App'x 953, 958 (10th Cir. 2014) ("Entry of default by the clerk is a necessary prerequisite that must be performed before a district court is permitted to issue a default judgment.")

Here, because the default entry is now set aside, *see* Section II.A, Plaintiffs no longer satisfy step one which is a prerequisite to filing a default judgment motion. Thus, Plaintiffs' default judgment motion is now moot.

Additionally, because the court has already excused Defendants' untimely filing of their answer to Plaintiff's amended complaint, Plaintiffs' motion to strike Defendants' answer, counterclaim, and affirmative defenses is denied.

### III. Conclusion

THEREFORE, the clerks' entry of default, (Doc. 41), is SET ASIDE. As a result, Plaintiffs' motion for default judgment (Doc. 44) is MOOT. The court GRANTS Defendants' motion for leave to file their answer and counterclaim, (Doc. 52), and it DENIES Plaintiffs' motion to strike (Doc. 51) Defendants' answer, counterclaim, and affirmative defenses. Defendants need not file a new answer nor reassert their counterclaim. Moving forward, the controlling pleadings are Plaintiffs' amended complaint, (Doc. 39), and Defendants' answer and counterclaim to the amended complaint. (Doc. 49.)

7

IT IS SO ORDERED.  Dated this 6th day of June, 2025.

                                                    s/ John W. Broomes
                                                    JOHN W. BROOMES
                                                    UNITED STATES DISTRICT JUDGE