**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

COMMERCIAL CAPITAL COMPANY,   )
L.L.C., COREFIRST BANK & TRUST and  )
OAKSTAR BANK,   )
   )
   Plaintiffs,   )
   )   **Case No. 24-2365-JWB-GEB**
   )
v.   )
   )
AMERICAN TOW & RECOVERY, INC.   )
and BRYAN A. HERRON,   )
   )
   Defendants.   )
_____)
   )
AMERICAN TOW & RECOVERY, INC.   )
and BRYAN A. HERRON,   )
   )
   Counter-Claimants,   )
   )
v.   )
   )
COMMERCIAL CAPITAL COMPANY,   )
L.L.C.,   )
   )
   Counter-Defendant.   )
   )
_____)

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiffs' Motion to Strike and for Default

Judgment Against Defendant American Tow & Recovery, Inc. Pursuant to F.R.C.P. 55 and

for Entry of Final Judgment ("Motions") (ECF No. 74). Plaintiffs seek an order striking

Defendant American Tow & Recovery, Inc.'s ("American Tow") Answer, affirmative

1

defenses, and Amended Counterclaim to Plaintiffs' First Amended Complaint as well as entry of default judgment against it. For the reasons set for below, the Court **GRANTS** Plaintiffs' Motion to Strike and **DENIES without prejudice** Plaintiff's Motion for Default Judgment **(both ECF No. 74)**.

## I.    Procedural Background[1]

On July 8, 2024, Plaintiffs filed their Petition in *Commercial Capital Company, L.L.C., CoreFirst Bank & Trust, and Community First Bank v. American Tow & Recovery, Inc. and Bryan A. Herron*, Case No. 24CV03490, in the District Court of Johnson County, Kansas.[2] Defendants, then represented by counsel Michael J. Marsh and Timothy A. Pullin, removed the case to this Court on August 16, 2024.[3] After an extension of time, Defendants filed their Answer and Counterclaim against Plaintiff/Counter-Defendant Commercial Capital Company, LLC ("Commercial Capital") on September 6, 2024.[4]

Within two months after the entry of the Scheduling Order and before the response to Plaintiffs' first discovery requests came due, Defendants' counsel filed a Motion to Withdraw. The motion was granted on January 2, 2025 and the Court set a Status Conference for February 4, 2025 for Defendants to provide a status report on their efforts to engage counsel.[5] Deadlines were extended, as necessary, until new defense counsel

---

[1] This background information should not be construed as judicial findings or factual determinations.
[2] Notice of Removal, ECF No. 1.
[3] *Id.*
[4] ECF No. 11.
[5] ECF No. 27.

entered an appearance.[6] While without counsel, Defendant Bryan Herron, who could appear *pro se*, failed to appear at the February 4, 2025 Status Conference or respond to Plaintiffs' Motion for Leave to Amend.

Plaintiffs filed their First Amended Complaint on February 21, 2025. When no answer or other responsive pleading was filed, Plaintiffs sought an Application for Clerk's Entry of Default which was entered by March 14, 2025[7] against Defendants American Tow and Bryan Herron. The Court, thereafter, suspended all deadlines in its Scheduling Order[8] and Plaintiffs filed a Motion for Default against all Defendants.[9] Approximately 30 days after the deadline the Court had set for counsel to enter an appearance for Defendants,[10] Defendant Bryan Herron filed a Motion for Extension of Time to secure counsel. The motion was granted and Defendants' deadline to respond to the Motion for Default was extended.[11]

New counsel for Defendants, James D. Myers and Rachel D. Longhofer entered their appearance on May 12, 2025.[12] Ultimately, the Clerk's Entry of Default was set aside, Plaintiffs' Motion for Default found as moot,[13] and Defendants filed their Answer and Amended Counterclaim.[14] At the Status Conference on June 10, 2025, the Court found any

---

[6] Orders, ECF Nos. 29, 31, and 36.
[7] ECF No. 41.
[8] ECF No. 43.
[9] ECF No. 44.
[10] Order, ECF No. 36.
[11] Motion, ECF No. 45 and Order, ECF No. 46.
[12] ECF Nos. 47 and 48.
[13] Order, ECF No. 55.
[14] ECF No. 49.

matters deemed admitted when Defendants failed to respond to Plaintiffs' First Requests for Admissions to American Tow and Bryan Herron withdrawn. The Court set a new deadline for Defendants to respond to all pending written discovery and entered an Amended Scheduling Order.[15]

Discovery proceeded while new counsel remained in the case. However, the new defense counsel filed a Motion to Withdraw[16] which was granted on September 16, 2025.[17] In the September 16th Order, the Court noted this was the second time Defendants had been left without counsel.[18] American Tow was reminded: 1) it must be represented by counsel, 2) it could not appear though a non-attorney corporate officer appearing *pro se*, and 3) the Court would not accept *pro se* filings made on its behalf.[19] The Court set a deadline of October 17, 2025 for an attorney to enter an appearance on American Tow's behalf.[20] American Tow was cautioned its failure to comply with court-ordered deadlines and failure to appear at hearings could result in the imposition of serious sanctions, including dismissal of affirmative claims for relief and/or entry of default judgment.[21] No defense counsel entered an appearance by the October 17, 2025 deadline or in the ensuing seven months.

---

[15] Orders, ECF Nos. 57 and 58.
[16] ECF No. 70.
[17] Order, ECF No. 73.
[18] *Id.*
[19] *Id.*
[20] *Id.*
[21] *Id.*

## II.    Motion to Strike

Plaintiffs cite to no Federal Rule of Civil Procedure which provides a basis for striking an answer, affirmative defenses, and counterclaim, which was timely and appropriately filed by counsel, because counsel later withdrew and a corporate entity is no longer represented by counsel. Plaintiffs effectively moved past striking American Tow's pleadings to their argument regarding why default judgment should be entered against it. Nonetheless, Fed. R. Civ. P. 16(f)(1)(C) permits the Court to "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party… fails to obey a scheduling or other pretrial order." And Rule 37(b)(2)(A)(iii) permits "striking pleadings in whole or in part."

It is well established that a corporation, such as American Tow, cannot appear *pro se* in federal court.[22] Corporations or other business entities may only appear in court through an attorney, not through a non-attorney corporate officer, such as Bryan Herron, appearing *pro se*.[23] American Tow has been repeatedly warned it was critical to engage counsel. Leeway in doing so has previously been given. After the initial defense counsel withdrew in December 2024 and Bryan Herron failed to appear at the February 2, 2025 Status Conference to report on his efforts to engage counsel for himself and American Tow,

---

[22] *Riviera Drilling & Expl. Co. v. Gunnison Energy Corp.*, 412 F. App'x 89, 92 (10th Cir. 2011) (citing *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council,* 506 U.S. 194, 201–03, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993)).

[23] *Harrison v. Wahatoyas, L.L.C.,* 253 F.3d 552, 556 (10th Cir. 2001) (citing *Flora Constr. Co. v. Fireman's Fund Ins. Co.,* 307 F.2d 413, 414 (10th Cir.1962)).

on April 7, 2025 Bryan Herron sought and was granted an additional 30 days, in total over four months, to engage counsel.

After the subsequent counsel withdrew, American Tow was again reminded it could only be represented by counsel and not by Bryan Herron, *pro se*. It was further cautioned failure to comply with court-ordered deadlines, to engage counsel or otherwise, could result in the imposition of serious sanctions, including dismissal of affirmative claims for relief and/or entry of default judgment. Despite this warning, American Tow did not comply with the Court's Order and has not retained counsel in the ensuing eight months.

This time Bryan Herron did not request additional time to engage counsel for American Tow and himself. American Tow has been without counsel for 12 of the 19 months this case has been pending bringing the case to a standstill. Where American Tow failed to comply with the Court's Order after full warning regarding the possible repercussions, the Court in its discretion,[24] will sanction American Tow by striking its Answer to Plaintiffs' First Amended Complaint, including affirmative defenses, and its Amended Counterclaim. The Answer and Amended Counterclaim remain as to Bryan Herron.[25]

---

[24] *McPhaul v. Coll. Hills OPCO, LLC,* No. 24-1143-JWB, 2025 WL 3157536, at *2 (D. Kan. Nov. 12, 2025) (citing *Matter of Baker*, 744 F.2d 1438, 1440, 1442 (10th Cir. 1984)).
[25] Plaintiff does not seek and the Court is not imposing sanctions against Bryan Herron. This ruling only strikes the Answer to Plaintiffs' First Amended Complaint and the Amended Counterclaim to Plaintiffs' First Amended Complaint (both at ECF No. 49) as to American Tow.

## III.    Motion for Default Judgment

District Judge Broomes has previously addressed a Motion for Default Judgment in this matter before an entry of default by the clerk of the court.[26] There he found an entry of default by the clerk was a necessary prerequisite to the entry of default judgment.[27]

> There is a two-step process to secure a default judgment. A party must first file a motion for entry of default with the clerk of court. See Fed. R. Civ. P. 55(a). Only after the clerk of court issues an entry of default may a plaintiff file a motion for default judgment against a party that has failed to plead or otherwise defend an action brought against it. Fed. R. Civ. P. 55(b)(2); *see also Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1119 n.4 (10th Cir. 2003) (distinguishing the Rule 55(a) entry of default from the Rule 55(b) grant of default judgment); *Watkins v. Donnelly*, 551 F. App'x 953, 958 (10th Cir. 2014) ("Entry of default by the clerk is a necessary prerequisite that must be performed before a district court is permitted to issue a default judgment.")

Because Plaintiffs have not moved for a clerk's entry of default after the last entry of default was set aside,[28] Plaintiffs' Motion for Default Judgement is denied without prejudice.

## IV.    Conclusion

For the reasons set forth above, **ITS IS THEREFORE ORDRED** the Court **GRANTS** Plaintiffs' Motion to Strike and **DENIES without prejudice** Plaintiff's Motion for Default Judgment **(both ECF No. 74).**

---

[26] *Com. Cap. Co., LLC v. Am. Tow & Recovery, Inc.,* No. 24-2365-JWB, 2025 WL 1616072, at *3 (D. Kan. June 6, 2025).
[27] *Id.*
[28] ECF No. 55.

7

**IT IS SO ORDERED.**

Dated the 8th day of May 2026.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
U.S. Magistrate Judge